[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 4, 2009
THOMAS K. KAHN
CLERK

No. 09-10127
Non-Argument Calendar

_____

D.C. Docket No. 08-80009-CV-KLR

TONY RAMON WILLIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 4, 2009)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Tony Ramon Willis pleaded guilty to possessing cocaine base with intent to

distribute, and was sentenced to ten years' imprisonment followed by eight years of

supervised release.

Willis filed a 28 U.S.C. § 2255 petition seeking to vacate his sentence. Specifically, Willis contended that his attorney's failure to contest the sentence before the district court or appeal the sentence constituted ineffective assistance. An evidentiary hearing was held before a magistrate judge. The magistrate judge wrote a report recommending that the district court deny Willis's § 2255 petition.

Willis disagreed with the factual findings in the report. He filed objections contending that the factual findings were not supported by evidence introduced at the hearing and were based on improper credibility determinations. (R.1-30 at 1-5.) Willis then filed a motion that noted that a transcript of the hearing before the magistrate judge was not yet filed, and asked the court to set the time for filing a memorandum on his objections to the magistrate judge's report within 30 days of the filing of the transcript. (R.1-34 at 1-2). On December 2, 2008, the district court signed an order denying the motion to set a time for filing, adopting the magistrate judge's report and recommendation, and denying Willis's § 2255 petition ("December 2nd Order").[1] (R.1-38 at 3.) In its order, the district court stated, "the magistrate judge stated that he found Movant's testimony not credible. After a *de novo* review of the entire record, including the report and recommendation and

[1]This order, though signed on December 2nd, was docketed on December 4th.

movant's objections, this Court adopts the magistrate's report and recommendation . . . ." (*Id.*) Absent from the materials the district specifically stated reviewing was the transcript of the hearing held before the magistrate judge. In fact, the transcript of the hearing before the magistrate was not filed until December 4, 2008, two days after the district court's order.

Willis appeals the denial of his § 2255 petition.[2] He argues that the district court erred in adopting the magistrate judge's report and recommendation without conducting a de novo review of the record, which should have included a review of the transcript of the hearing before the magistrate judge. The Government agrees that the district court improperly adopted the magistrate judge's report and recommendation, and asks this court to vacate the district court's December 2nd Order.

When a party objects to the findings contained in a magistrate judge's report

---

[2]We granted a certificate of appealability on the following issue:

> Whether the district court erred in failing to conduct a *de novo* review of the record with respect to the objections that Willis made to the magistrate judge's report and recommendation . . . in light of the fact that the evidentiary hearing before the magistrate judge was not transcribed and entered into the record until December 4, 2008, which was [subsequent] to the district court's entry of its order affirming the magistrate judge's report . . . .

(R.1-53 at 2.)

3

and recommendation, the district court must conduct a de novo review of those findings. 28 U.S.C. § 636(b)(1). When objections are made to findings which the magistrate judge made based upon the testimony of witnesses, we require the district court "to review the transcript or listen to the tape-recording of those proceedings." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). In this case, the district court signed its order adopting the magistrate judge's report and recommendation before any transcript of the proceedings before the magistrate judge was available. The district court erred in adopting the report and recommendation of the magistrate judge over Willis's objections without reviewing the transcript of the evidentiary hearing. We therefore vacate the December 2nd Order of the district court and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.